UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>MICHAEL SMITH<br><br>　　　　　　Defendant. | CASE NUMBER: 3:14CR75-001<br><br>USM Number: 13764-027<br><br><br>WILLIAM P STANLEY<br>MICHAEL TUSZYNSKI<br>DEFENDANT'S ATTORNEY |

## JUDGMENT IN A CRIMINAL CASE

**THE DEFENDANT** pleaded guilty to counts 4 and 11 of the Indictment on 12/11/2014.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offenses:

| Title, Section & Nature of Offense | Date Offense Ended | Count Number(s) |
|---|---|---|
| 31:5324(a)(3) AND 5324(d) STRUCTURING TRANSACTIONS TO EVADE REPORTING REQUIREMENTS AND TITLE 31 CFR PART 103 WITH FORFEITURE AND PENALTIES | March 29, 2013 | 11 |
| 26:7201 INCOME TAX EVASION | May 12, 2012 | 4 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts 1-3 and 5-10 of the Indictment are dismissed on the motion of the United States.

Final order of forfeiture filed on 4/23/2015.

Defendant: MICHAEL SMITH  
Case Number: 3:14CR75-001

Page 2 of 8

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

| | |
|---|---|
| April 23, 2015 | |
| Date of Imposition of Judgment | |
| /s/ Jon E. DeGuilio | |
| Signature of Judge | |
| Jon E. DeGuilio, United States District Judge | |
| Name and Title of Judge | |
| April 23, 2015 | |
| Date | |

Defendant: MICHAEL SMITH
Case Number: 3:14CR75-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **27 months.**

The Court makes the following recommendations to the Bureau of Prisons:

The Court recommends that the Bureau of Prisons designate as the place of the defendant's confinement, consistent with the defendant's security classification as determined by the Bureau of Prisons, the minimum security satellite prison camp at **Morgantown, West Virginia** or in the alternative, the low security facility at **Milan, Michigan**.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before **9:00 A.M.** on **June 8, 2015.**

## RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____ at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
DEPUTY UNITED STATES MARSHAL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **1 year** subject to the following conditions:

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not commit another federal, state or local crime.

2. The defendant shall not unlawfully possess a controlled substance.

3. The mandatory drug testing condition is suspended, based on the Court's determination that the defendant poses a low risk of future substance abuse.

4. The defendant shall cooperate with the probation officer with respect to the collection of DNA.

5. The defendant shall report to the probation officer in the manner and as frequently as the court or the probation officer directs, and shall notify the probation officer within 48 hours of any change in residence, employer, position, or location of employment and within 72 hours of being arrested or questioned by a police officer.

6. The defendant shall not travel outside the district without the permission of the probation officer, who shall grant such permission unless the travel would significantly hinder the defendant's rehabilitation.

7. The defendant shall not answer untruthfully any inquiry by the probation office pertaining to his supervision and the conditions of his supervision, and shall follow the instruction of the probation officer pertaining to his supervision and the conditions of his supervision.

8. The defendant shall permit a probation officer to meet the defendant at any time at home or elsewhere between the hours of 8:00am and 8:00pm and shall permit confiscation of any contraband the probation officer observes in plain view.

9. The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

10. The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the court's permission.

11. Defendant shall not incur new credit charges or open additional lines of credit or other financial accounts without the prior approval of the probation officer.

12. Defendant shall provide the probation officer any and all requested financial information, including copies of state and federal tax returns.

13. Defendant shall not transfer, give away, sell or otherwise convey any asset valued at more than $500.00 without the prior approval of the probation officer.

14. Within 72 hours of placement on supervision after release from the custody of the Bureau of Prisons, defendant shall report in person to the nearest supervision unit of the United States Probation Office for this district between the hours of 8:00am and 4:30pm.

15. If the defendant is financially able, he shall make restitution payments according to the schedule set forth in the Judgment.

Within 72 hours of defendant's release from prison, the probation officer is to meet with and remind the defendant of the conditions of his supervision and also to consider whether to recommend to the Court any modifications of or additions to those conditions in light of any changes in the defendant's circumstances since the sentencing hearing. Consistent with United States v. Siegel (7th Cir. May 29, 2014), the Court also directs the Probation Office to notify the Court within 30 days of defendant's placement on supervision so that it may consider any appropriate modifications to the defendant's supervised release and schedule a hearing on that topic, if necessary.

Defendant: MICHAEL SMITH  Page 6 of 8
Case Number: 3:14CR75-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| **Total Assessment** | **Total Fine** | **Total Restitution** |
|---|---|---|
| $200.00 | NONE | $429,795.00 |

The defendant shall make the special assessment payment payable to Clerk, U.S. District Court, 102 Robert A. Grant Courthouse, 204 South Main Street, South Bend, IN 46601. The special assessment payment shall be due immediately.

The defendant may also make payments for his financial obligations imposed herein from any wages he may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program, although participation in that program is voluntary. The defendant should note that failure to participate in the Financial Responsibility Program while incarcerated may result in the denial of certain privileges to which he might otherwise be entitled while imprisoned, and that the Bureau of Prisons has the discretion to make such a determination. Any portion of the defendant's financial obligations not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision.

## FINE

No fine imposed.

## RESTITUTION

Restitution in the amount of $429,795.00 is hereby imposed and shall be due immediately.

The defendant shall make restitution payments (including community restitution, if applicable) payable to Clerk, U.S. District Court, 102 Robert A. Grant Courthouse, 204 South Main Street, South Bend, IN 46601, for the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | **Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
| Internal Revenue Service | 429,795.00 | 429,795.00 | |
| **Totals** | $429,795.00 | $429,795.00 | |

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

## FORFEITURE

The defendant shall forfeit the defendant's interest in the following property to the United States:

**a) $656,019.20 in U.S. Currency seized on May 17, 2013 and;**
**b) One silver bar seized on May 17, 2013.**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A)  Lump sum payment of $429,795.00 due immediately, balance due, in accordance with B below;

B)  Payment in equal monthly installments of no less than $300.00 to commence 60 days after release from imprisonment to a term of supervision;

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant may also make payments for his or her financial obligations imposed herein from any wages he or she may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program, although participation in that program is voluntary. The defendant should note that failure to participate in the Financial Responsibility Program while incarcerated may result in the denial of certain privileges to which he or she might otherwise be entitled while imprisoned, and that the Bureau of Prisons has the discretion to make such a determination. Any portion of the defendant's financial obligations not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order:  (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Defendant: MICHAEL SMITH  
Case Number: 3:14CR75-001

Page 8 of 8

Name: <u>MICHAEL SMITH</u>  
Docket No.:<u>3:14CR75-001</u>

## ACKNOWLEDGMENT OF SUPERVISION CONDITIONS

     Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

     I have reviewed the Judgment and Commitment Order in my case and the supervision conditions therein. These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

_____  _____  
Defendant                                                          Date

_____  _____  
U.S. Probation Officer/Designated Witness           Date